UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARL GRIFFIN,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,

    Defendant.

Case No. 3:18-cv-01421-JPG-RJD

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on defendant Equifax Information Services LLC's motion for summary judgment. (ECF No. 44.) In short, Equifax asks the Court to grant judgment in their favor because plaintiff Griffin has not—and cannot—allege a violation of the Fair Credit Reporting Act. For the following reasons, the Court **GRANTS** Equifax's motion.

### I. BACKGROUND

Plaintiff Carl Griffin used to be an inmate at Centralia Correctional Center. (Am. Compl. ¶ 3, ECF No. 21.) He alleges that he sent three letters directly to Equifax in which he requested a free copy of his credit report pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (*Id.* at ¶ 5–19.) Griffin argues that since Equifax refused to send him a free copy in response, he is entitled to statutory and punitive damages, along with attorney's fees. (*Id.* at ¶ 20–21.) Griffin filed his complaint in Illinois state court, but Equifax removed the case to this Court on the basis of federal question jurisdiction. (Notice of Removal, ECF No. 1.) This case is but one in a bundle of cases that Illinois state prisoners out of Centralia have recently filed, all with questionable similarities between them.

### II. LEGAL STANDARDS

### A. Summary Judgment

A movant is entitled to summary judgment if they "show that there is no genuine dispute as to any material fact and [if they are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). But while reviewing the material facts, the Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

### B. The Fair Credit Reporting Act

The Fair Credit Reporting Act commands that once per year, if a consumer requests a free copy of their credit report, all consumer reporting agencies—such as Equifax—must provide the free copy to the consumer. 15 U.S.C. § 1681j(a)(1)(A). The consumer must, however, request the copy from the "central source established for such purpose." 15 U.S.C. § 1681j(a)(1)(B). The upshot of the statute's design is that consumers can obtain their free credit reports from *all* of the agencies by making only a single request through the central source, rather than having to contact each agency individually. 12 C.F.R. § 1022.136(a). If a consumer reporting agency fails to comply with the Fair Credit Reporting Act, the statute allows plaintiffs to recover damages from the agency on theories of both willful noncompliance and negligent noncompliance. 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a)(1)(2).

## III. ANALYSIS

Equifax has not violated the Fair Credit Reporting Act. This is because Griffin did not request his credit report from the central source, as § 1681j(a)(1)(B) requires. Rather, Griffin sent his requests directly to Equifax. (Am. Compl. Ex.'s 1, 3, 5, ECF No. 21.) Griffin combats this by

citing to another provision in the statute—§§ 1681j(c)(3)—but that provision does not change the analysis here. § 1681j(c)(3) allows a consumer to obtain a free credit report if they certify in writing that they have "reason to believe that the file on the consumer at the agency contains inaccurate information due to fraud," but Griffin did not do that here. His first letter states:

> I am writing to you to obtain a credit report to calm my nerves as to the possibility of there being some adverse information on file due to some fraudulent activity. I could be wrong but I'm incarcerated so I have no other way of knowing.

(ECF No. 21, p. 9.) Griffin never stated that he had a *reason* to believe that his credit report contains inaccurate information due to fraud—even though § 1681j(c)(3) commands that the consumer explain as such.[1] Instead, his entire case is built upon an abstract theory that something *might* be wrong, although he has no way of knowing. But that is exactly what § 1681j(a)(1)(A) is for, and that provision requires the use of the centralized source. And although Griffin has asked to supplement the record with a purported letter from the IRS from April 2019, that letter states that there is no indication that Griffin's data was used fraudulently—further destroying his case. (ECF No. 46, p. 5.)

Accordingly, Equifax's refusal to disclose Griffin's credit report was the proper application of the statute. Griffin's complaint fails to plead any violation of the Fair Credit Reporting Act—whether his theory is one of willful noncompliance, negligent compliance, or otherwise. And it would be futile for the Court to allow Griffin to amend his complaint because he has already demonstrated through his attached exhibits that he is not entitled to relief.

This case mirrors a case in the Northern District of Illinois, where the Court summed up the issue by stating: "while [the consumer credit agency] might have made greater effort to accommodate Plaintiff's special circumstances [as a prisoner], the facts do not reflect a violation

---

[1] For further information on how to place a consumer credit fraud alert and request the corresponding § 1681j(c)(3) credit report, s*ee* FEDERAL TRADE COMMISSION, Place a Fraud Alert, https://www.consumer.ftc.gov/articles/0275-place-fraud-alert (last visited May 2, 2018).

of any provision of the Fair Credit Reporting Act." *Garland v. Equifax, et al.*, No. 3:15-cv-50305, ECF No. 104 at 3 (N.D. Ill. Oct. 27, 2017). If prisoners wish to obtain free copies of their credit reports pursuant to the Fair Credit Reporting Act, they are—at this time, at least—bound by the terms of the statute.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Equifax's motion for summary judgment. (ECF No. 44.) The Court **DISMISSES** this case with prejudice, **FINDS AS MOOT** all other pending motions, and **DIRECTS** the Clerk of Court to enter judgment in Equifax's favor accordingly.

**IT IS SO ORDERED.**

**DATED: MAY 29, 2019**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
